**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**PHILIP VAZZANA**                                                                 **PLAINTIFF**

**v.**

                                                    **CAUSE NO. 4:03CV289PB**

**CITY OF GREENVILLE, ET AL.**                                 **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES SUPPORTING RESPONSE TO
DEFENDANTS' MOTION FOR SANCTIONS**

     COMES NOW, Plaintiff, Philip Vazzana, by and through counsel, and files this *Memorandum of Authorities Supporting Response to Defendants' Motion for Sanctions* and would show unto the Court the following, to wit:

**INTRODUCTION**

     Defendants City of Greenville, et al (hereinafter "Defendants") have submitted their memorandum of law supporting Defendants request for sanctions pursuant to the *Mississippi Litigation Accountability Act of 1988 and Rule 11* of the *Federal Rules of Civil Procedure*. Defendants contend that the claims of Plaintiff Vazzana were without merit and seek attorney's fees and expenses. Defendants' address that certain allegations in the Complaint were not accurate, that certain claims were not "dropped" and that certain individual Defendants remained in the lawsuit for the trial of this case. However, the main contention of the Defendants is that Plaintiff Vazzana did not dismiss his lawsuit and demanded "his day in Court" and that is the real reason for the continued "threat" against him throughout this litigation.

## **FACTS**

Plaintiff Vazzana after the entry of the "Order" of March 13, 2000 entered into a "Mutual Agreement" for the cleaning of his properties in the City of Greenville, Mississippi. Plaintiff Vazzana has addressed this matter at length in his post trial "Corrected" "Motion" and accompanying "Memorandum of Law" seeking relief under *Rule 50* or in the alternative *Rule 59* of the *Federal Rules of Civil Procedure*; and his "Reply" and "Memorandum of Law" and he would incorporate the same by reference.

Defendants further address Plaintiff Vazzana's filing for post trial relief after an adverse jury verdict, and at least an <u>hour</u> of deliberations, and that he has had an "ongoing" dispute (subject to complaints within the community) with the Defendant, City of Greenville over his properties, such as in the present case, since 1993. [Defendants' Memorandum at pg. 2.]

### I.      **COURSE OF LITIGATION**

This case involved a minimum amount of discovery and no depositions; and there were no motions for summary judgment filed by either party in this action. Both attorney's worked together and as stated by Counsel for Defendants a majority of the facts were stipulated to prior to trial that dealt with any matters that would have been an issue in the Complaint. In fact, all matters that related to the issues raised by the Defendants prior to the April 2000 "Mutual Agreement" were agreed to prior trial.

## II.  COMPLAINT

The issues in the "Complaint" are not relevant, as the Defendants have no evidence that Plaintiff Vazzana attempted to "harass" anyone; and in particular, he had a newspaper article as the Court saw at trial regarding the granting of the TRO; and that is a matter of evidence not facts that relate to a claim. The Complaint was later converted into the Pre-trial Order; and from that point forward correctly governed this case and claims; and included the stipulations, many of which Defendants complain in their "Motion."

Plaintiff <u>stipulated</u> to all significant issues and this argument is moot. Defendants were not required to expend additional time presenting evidence of prior proceedings; and Plaintiff even attempted to limit testimony and evidence to all matters from and after the mutual agreement of April 2000. Defendants were insistent on going back to the problems that Plaintiff Vazzana had with the "City" since the 1990's.

## III.  SECTION 1983 CLAIM

Plaintiff Vazzana would contend that this argument is totally without merit for the purposes of this "Motion" and he would incorporate by reference his pending post trial "Motion" and "Memorandums of Law" in this action. This argument is premature at best and at the least at the <u>central core</u> of the controversy and not a matter that Plaintiff Vazzana had "no hope of prevailing on" at trial. This is clearly a matter that is not subject to any relief for the Defendants.

## IV.  LEGAL AUTHORITY AND ANALYSIS

Defendants have set forth their legal authority and analysis for the seeking of post trial relief in the form of attorney's fees and expenses as well as sanctions from Plaintiff

Vazzana. Defendants have stated the generally accepted standards under the *Mississippi Litigation Accountability Act of 1988* and *Rule 11 of the Federal Rules of Civil Procedure*; and have referenced the same cases discussed by Plaintiff Vazzana in his "Memorandum Brief" to his "Reply" wherein he is seeking post trial relief, and Defendants' first mention post trial the seeking of attorney's fees, expenses and sanctions.

Plaintiff Vazzana does disagree with Defendants "abuse of discretion" analysis as being somewhat premature (with post trial motions pending) because <u>first</u> the "criteria" has to be met for the Court to consider an award of sanctions, and <u>second</u> when a case has gone to trial before there can be a judicial review.

### V.     ELEMENTS – SANCTIONS

Defendants have set forth numerous elements in an effort to justify the awarding of sanctions. They have set forth that Plaintiff did nothing to make this case a long protracted conflict. Plaintiff only pursued his claims against the three (3) individual Defendants at trial. But for the issues that remained and the need for individual Defendants under Section 1983, he did not dismiss them during the middle of the trial. However, he did not show any "vexatious" behavior towards any of the Defendants; and there was no legal basis in view of the evidence presented to dismiss them as Defendants in the <u>middle of trial</u> or for the reasons as set forth in his post trial "Motions."

Furthermore, the individual Defendants have not shown any "damage" as a result of their having to attend the trial and as the Court may recall, former Mayor Artman, the last time this case was set for trial had a last minute emergency and trip to Washington, D.C., that made necessary the continuance of the trial, on the "eve of trial" and that

Plaintiff Vazzana was in agreement to accommodate this trip and continue the trial. Simply put, all Plaintiff Vazzana wanted was his "day in Court" and he had "hopes of prevailing" and still has "hopes of prevailing" based upon sound legal arguments in this case that he has raised that are before this Court. In March 2000, he was ordered to clean up his property of **weed, grass, trash and debris**; and "that is all" he was required to do. He was required to do "no more and no less" to be in compliance with the rules, ordinances, and more importantly the "Resolution" of the City, which was the subject of the March 2000 "Order" of Judge Evans.

Defendants apparently for some reason or the other, with or without their attorney at the times assistance, prepared a "Mutual Agreement" of April 2000, giving the then Mayor, Defendant Artman the "sole discretion" to prepare a "list" of a property to be removed (and to be protected) from all five (5) parcels of Plaintiff's properties, including the 312 Central Street, which is the subject of this lawsuit. As presented at trial, the items removed went well beyond the items under the March 2000 "Order" and Defendants each had a responsibility in the decision making in the "attack" that took place on June 9, 2000 at 312 Central Street, Greenville, Mississippi. Simple "lack of knowledge of the details" does not eliminate the need to name these individuals as defendants in this action as a result of their primary role as City officials.

VI. **ARGUMENT**

Plaintiff Vazzana presented evidence that his substantive due process rights were violated should have prevailed at trial. Plaintiff Vazzana's efforts were not as Defendants' contend to the point that he had "no hope of prevailing" at trial. *Stevens v. Lake*, 615 So. 2d. 1177 (Miss. 1993); *Leaf River Forest Products, Inc. v. Deakle*, 661 So.

2d 188 (Miss. 1995). See also: *Mississippi Litigation Accountability Act of 1988, Section 11-55-1 of the Mississippi Code of 1972, as amended.*

Plaintiff Vazzana's claims against Defendants were <u>not</u> frivolous and his claims were valid; and Defendants efforts to seek sanctions on his constitutional and Section 1983 arguments must fail. Simply put, the Defendants did not want to allow Plaintiff Vazzana to have his "day in Court." There was no proof at trial or in the Defendants' "Motion" if a vexatious attitude, harassing behavior or malicious intent on the part of Plaintiff Vazzana. *Section 11-55-3 (a) of the Mississippi Code of 1972, Annotated* sets forth the definition of a claim that is without substantial justification; frivolous and <u>vexatious</u> (as referenced above) under the *Mississippi Litigation Accountability Act of 1988, Section 11-55-, et. seq., of the Mississippi Code of 1972, Annotated.*

In the case, *sub judice*, Plaintiff Vazzana's claims were and are with "hope of success" and to deem questions of law to be "frivolous, groundless in fact or law, or vexatious" would have a "chilling effect" on all cases involving violations of <u>substantive due process</u> and violations on the part of government officials. *Stevens v. Lake*, supra. See also: *Palko v. Connecticut*, 302 U.S. 319 (1937); *Daniels v. Williams*, 474 U.S. 327,331 (1986) regarding substantive and procedural due process; and the difficulty is separating those issues and the "arbitrary" acts of government in the constitutional sense.

The actions of the individual Defendants in this action raise serious questions as to the damage that was done to Plaintiff Vazzana's property and the directives given by the city officials. To say that none of these individual Defendants should have been named and compelled to testify at trial would have been to deprive Plaintiff Vazzana of a "search for the truth" as to the violation of his property rights. Ironically none of the

Defendants could ever produce the videotape of the City Council meeting of June 6, 2000, or knew its whereabouts; and each basically claimed "lack of responsibility" for the damage to Plaintiff's property on June 9, 2000. The fact of the matter is that from the very beginning the Defendants did not want Plaintiff Vazzana proceeding with his lawsuit and he did get his "day in Court." Sanctions in this case against the Plaintiff are clearly not proper and should be denied.

**WHEREFORE, PREMISE CONSIDERED**, Plaintiff Vazzana contends that the request of the Defendants for relief sought should be denied; and Plaintiff Vazzana further requests any and all attorney's fees and expenses that he has incurred in this action be awarded to him for having to defend this "Motion for Sanctions."

**RESPECTFULLY SUBMITTED**, this the 17th day of July, 2006.

          **PHILIP VAZZANA, PLAINTIFF**

          **s/John M. Mooney, Jr.**
          **JOHN M. MOONEY, JR.**
          **HIS ATTORNEY**

**JOHN M. MOONEY, JR.**
**LAW OFFICES OF JOHN M. MOONEY, JR., PLLC**
3220 North State Street
Post Office Box 55767
Jackson, Mississippi 39296
Telephone: (601) 981-9555
Facsimile: (601) 981-7922
MSB: 3431

## **CERTIFICATE OF SERVICE**

I, John M. Mooney, Jr., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filings to the following:

Andrew N. Alexander, Esq.
Lake Tindall LLP
P.O. Box 918
Greenville, Mississippi  38702-0918

**SO CERTIFIED,** this the 17th day of July, 2006.


                                                  **s/John M. Mooney, Jr.**
                                                 **JOHN M. MOONEY, JR.**