IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

PHILIP VAZZANA                                                                                  PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 4:03CV289-P-D

CITY OF GREENVILLE, et al                                                              DEFENDANTS

**ORDER**

This cause is before the Court on the plaintiff's Motion for Judgment as a Matter of Law and a Trial on the Issue of Damages Only Or, In the Alternative, A New Trial [61-1]. The Court, having reviewed the motions, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Vazzana seeks to renew his motion for judgment as a matter of law with regard to his claims against the City of Greenville and the individual defendants in their official and individual capacities. Vazzana did seek judgment under Rule 50(a)(1) and (2) both at the close of his case and prior to submission of the case to the jury. Accordingly, the matter is properly before the Court. The Court is to review motions under Rule 50(b) in a light and with all reasonable inferences most favorable to the party opposing the directed verdict or judgment notwithstanding the verdict. Roberts v. United Mexico Bank at Roswell, 14 F.3d 1076, 1078 (5th Cir. 1990). The jury's verdict must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that a reasonable jury could not arrive at any verdict to the contrary. Id.

The Court has duly considered the issues raised by Vazzana in conjunction with the evidence admitted at trial and the applicable law. The Court concludes that plaintiff's Motion for Judgment

as a Matter of Law is without merit and should be denied. There was substantial evidence from which the jury could have reasonably concluded that the actions undertaken by the City of Greenville to clean up plaintiff's property were altogether lawful and proper and did not, therefore, violate either plaintiff's substantive due process rights or his rights pursuant to 42 U.S.C. § 1983. As a further matter, there was ample basis to support a conclusion on the party of the jury that any "damages" suffered by the plaintiff were not the result of deliberate indifference or intentional wrongdoing on the part of City officials but were merely incidental to the authorized clean up of the property in June 2000. Accordingly, the Court cannot conclude that the evidence pointed so strongly and overwhelmingly in favor of Vazzana that the jury's contrary verdict was unreasonable. The plaintiff's Motion for Judgment as a Matter of Law will be denied.

In addition to seeking judgment as a matter of law under F.R.C.P. 50(b), Vazzana also presses a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59, "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ." The vagueness of the above statement is clarified in a recognized treatise on the subject as follows:

> The draftsman of the rule found that it was impracticable to enumerate all the grounds for a new trial. Thus the rule is stated in broad terms. It has been said that the general grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive . . . and that the motion may also raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions.

11 Wright & Miller, Federal Practice and Procedure § 2805.

The standard of review for motions under Rule 59 is more relaxed than that under rule 50 addressed above in that it imbues the trial judge with discretion in determining whether the verdict

was against the "great" weight of the evidence. Adams v. Wal-Mart Stores, Inc., 151 F.R.D. 610, 612-613 (S.D. Miss. 1993). Although a judge faced with a motion under Rule 59 may not simply substitute his judgment for that of the jury, he need not view the evidence in the light most favorable to the verdict winner. Instead, he has the latitude to reweigh the evidence and he is free to accept or reject evidence and to reassess the credibility of witnesses and proof. Shows v. Jamison Bedding, Inc., 671F.2d 927, 930 (5th Cir. 1982)

The reasons advanced by Vazzana in support of his Rule 59 motion are that "the verdict of the jury evidenced bias and prejudice and was totally contrary to the overwhelming weight of the evidence." Vazanna also submits that the Court's refusal to grant certain jury instructions was erroneous, thereby entitling him to a new trial. The Court will address each of these arguments in turn.

The Court rejects Vazzana's contentions concerning the sufficiency of the evidence to support the jury's verdict for largely the same reasons cited in ruling on the Rule 50(b) motion above. Notwithstanding the more lenient standard of review, the Court is not convinced that the jury's verdict was against the great weight of the evidence presented at trial. Much to the contrary, given the volume and weight of proof in opposition to the plaintiff's case, no reasonable juror could have found in favor of plaintiff on his claims. The result reflected in the verdict demonstrates only the jury's reasoned assessment of the proof in accordance with the instructions provided by the Court.

Plaintiff also urges error based on this Court's refusal to grant certain jury instructions submitted by the plaintiff, namely P-1, P-3 and P-10. The Court gave the parties' proposed instructions a painstaking review prior to the charge conference. Despite plaintiff's urging to the contrary, the Court remains convinced that the Court adequately instructed the jury on the law

relevant to plaintiff's constitutional due process claims. Inasmuch as the Court's instructions are to be considered as a whole, not in isolation, this point of error is not well-taken.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's Motion for Judgment as a Matter of Law and a Trial on the Issue of Damages Only Or, In the Alternative, A New Trial [61-1] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 8th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE